John J. Warner, Jr., Esq. Deputy County Attorney, Schenectady
You have asked whether a county correction officer may be discharged for failing to sign a waiver of immunity from prosecution after being subpoenaed to testify before a county grand jury.
State v Perla, 21 N.Y.2d 608 (1968), was an action to declare that the defendant had forfeited his office by reason of his refusal to sign a waiver of immunity after being subpoenaed by a grand jury to testify in relation to his previously held positions as acting head parking fee collector and parking fee collector. The action was based upon section 6 of Article I of the New York State Constitution, providing that any public officer refusing to sign a waiver of immunity against subsequent criminal prosecution when called before a grand jury to testify concerning his present office or any office held within five years "shall be removed from his present office or shall forfeit his present office at the suit of the Attorney General". The Court of Appeals decided that the words "public officer", as used in Article I, § 6, should be construed broadly to include anyone in the public service, and upheld the provision against a challenge under the privilege against self-incrimination guaranteed by the Fifth Amendment to the United States Constitution. Thus, the Court of Appeals held that the defendant had forfeited his office. The United States Supreme Court reversed (Perla vNew York, 392 U.S. 296 [1968]), citing Gardner v Broderick, 392 U.S. 273
(1968), a case decided on the same day.
Gardner was an action seeking reinstatement of a police officer after his dismissal under a provision of the New York City Charter, for refusing to waive immunity upon being called to testify before a grand jury investigating official corruption. The United States Supreme Court held that the police officer could not be terminated for refusing to waive his privilege against self-incrimination under the Fifth Amendment to the United States Constitution.
 "The mandate of the great privilege against self-incrimination does not tolerate the attempt, regardless of its ultimate effectiveness, to coerce a waiver of the immunity it confers on penalty of loss of employment." (Id., 392 U.S. 279.)
The Court noted, however, that the officer could be discharged for refusing to answer questions "narrowly relating to the performance of his official duties", had he not been required or compelled to waive his immunity (id., p 278). Thus, the provision of the New York City Charter, substantially the same as section 6 of Article I of the State Constitution, was invalidated. (See, also, Uniformed Sanitation MenAssociation, Inc. v Commissioner of Sanitation of the City of New York,392 U.S. 280 [1968], decided the same day as Gardner, in which it was held that sanitation department employees were dismissed under the same provisions of the City's Charter in violation of their Fifth Amendment privilege against self-incrimination.) Subsequently, in cases involving similar statutes affecting contractors with the State (Lefkowitz vTurley, 414 U.S. 70 [1973]) and party officials (Lefkowitz v Cunningham,431 U.S. 801 [1977]), these principles were upheld and the statutes compelling waivers under threat of loss of contracts and forfeiture of party office, respectively, were found to be violative of Fifth Amendment rights.
The Fifth Amendment privilege against self-incrimination not only protects a person against being involuntarily called as a witness against himself in a criminal proceeding, but also from involuntary testimony in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings (Lefkowitz vTurley, supra, p 77). The privilege protects a mere witness as fully as it does one who is also a party defendant (ibid.). It is available to witnesses called before a grand jury investigation (id., p 78).
In our opinion, based upon established judicial precedent, a county correction officer may not be dismissed for failure to waive his immunity against self-incrimination in relation to subpoenaed testimony before a grand jury. Government cannot penalize assertion of the Fifth Amendment privilege by imposing sanctions to compel testimony that has not been immunized. However, if not required or compelled to waive their immunity, public officials may constitutionally be subjected to discipline including discharge for failing to answer questions narrowly relating to the performance of their official duties.
We conclude that a county correction officer may not be discharged for failing to sign a waiver of immunity from prosecution in relation to subpoenaed testimony before a grand jury.